**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

GARY J. PETT,

                                     Plaintiff,

    v.

                                                                 6:14-CV-682

JOHN H. CRANDALL, Acting                                     (GLS/ATB)
Family Court Judge; MARK R. ROSE,
ESQ., Poor Person Attorney,

                                     Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

GARY J. PETT
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Gary J. Pett. (Dkt. Nos. 1, 2).

**I.**   **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In this civil rights complaint, plaintiff alleges due process violations in

connection with a Herkimer County Family Court proceeding. (Compl.) (Dkt. No. 1). Plaintiff, who is now incarcerated on apparently unrelated matters, alleges that defendant Crandall should not have presided over plaintiff's Family Court Petition because he was the former Herkimer County District Attorney who was involved in plaintiff's criminal "matters." (Compl. ¶ 6; Facts). Plaintiff claims that he reminded defendant Crandall about this conflict of interest when plaintiff "appeared" by telephone in the matter on "September 26, 2014."[1]

Plaintiff also claims that defendant Crandall assigned defendant Mark Rose, Esq. as plaintiff's counsel, but that defendant Rose never spoke to plaintiff. Plaintiff claims that defendant Crandall held a hearing on October 10, 2013 and dismissed plaintiff's "Petition," even though plaintiff never met with his attorney, defendant Rose. (*Id.*) Finally, plaintiff alleges that he wrote several letters to the Herkimer County Family Court and to the Herkimer County Attorney to let them know that it was difficult for plaintiff to hear the proceedings when he was appearing by telephone.

The complaint contains three causes of action, each alleging Fourteenth Amendment Due Process violations. Plaintiff alleges that defendant Crandall violated his due process rights by hearing plaintiff's "matter" even though defendant Crandall had a "conflict of interest." Plaintiff claims that defendant Rose violated plaintiff's due process rights when he made no effort to speak with plaintiff after Rose was assigned to

---

[1] The court assumes that plaintiff meant to say that he appeared by telephone on September 26, **2013**, because September 26, 2014 is a date in the future. Later in the complaint, plaintiff states that Judge Crandall held a hearing on October 10, **2013**, further support for the assumption that the September date is from 2013.

3

represent him in the Family Court matter.  Finally plaintiff alleges that his due process rights were violated by defendant Crandall when he held a hearing, knowing that plaintiff could not hear everyone in the courtroom. (Compl. ¶ 7).

Plaintiff seeks substantial monetary relief in the defendants' "Individual and Official" capacities. (Compl. ¶ 8).

## III. <u>Judicial Immunity</u>

### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991).  Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004).  Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  Judicial immunity is immunity from suit, not just immunity from the assessment of damages.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

### B. Application

Plaintiff is suing an acting Family Court judge for actions taken in presiding over a case in which plaintiff was a litigant.  Plaintiff claims that the judge had a conflict of

interest because he used to be the District Attorney and apparently was involved in plaintiff's prior prosecution. Plaintiff claims that he reminded the judge of this conflict, but the judge presided over plaintiff's "matter" anyway and ultimately dismissed plaintiff's petition. Plaintiff does not question the Family Court's jurisdiction over whatever petition he was bringing. Plaintiff only claims that this particular judge should not have heard the case because of a conflict of interest. Thus, there is no "absence" of jurisdiction.

As stated above, even if the judge acted maliciously, corruptly, or with a conflict of interest, this would be insufficient to overcome judicial immunity. *See Zahl v. Kosovsky*, No. 08 Civ. 8308, 2011 WL 779784, at *9 (S.D.N.Y. Mar. 3, 2011) (failure to recuse in light of a conflict of interest did not strip defendant justice of judicial immunity), *cited in Parent v. New York*, 786 F. Supp. 2d 516, 532 (N.D.N.Y. 2011). The failure of a judge to recuse himself in light of a conflict of interest does not deprive the judge of all jurisdiction to try the case before him so as to deprive him of judicial immunity. *Id.* (citing *Sylvester v. Sorrell*, No. 08-CV-88, 2009 WL 819383, at *3 (D. Vt. March 25, 2009)). *See also Haynes v. Schimelman*, No. 3:99-CV-2553, 2000 WL 502623, at *1 (D. Conn. March 8, 2000) (judge's failure to recuse himself did not deprive him of judicial immunity).

Plaintiff's third cause of action names Judge Crandall as a defendant and maintains that his due process rights were violated because the judge held a hearing even though plaintiff could not hear everyone in the courtroom. Once again, this issue involves the way that Judge Crandall presided over plaintiff's case, and may not be the

5

subject of a section 1983 action.[2] Thus, the case must be dismissed as against Judge Crandall.

## IV. Eleventh Amendment Immunity

### A. Legal Standards

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities, or an action against an agency of the state such as the New York State Police Department, is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (agencies of the state).

### B. Application

To the extent that plaintiff seeks to sue defendant Crandall in his "official capacity," a Family Court Judge is a New York State official, who would be entitled to Eleventh Amendment immunity in his official capacity in addition to the judicial immunity discussed above in both his individual and official capacities. *Morris v. Main*, No. 8:08-CV-813, 2009 WL 890634, at *2 (N.D.N.Y. March 31, 2009) (citations omitted).

---

[2] Plaintiff does not indicate what kind of petition he brought in Family Court, thus, it is unclear what plaintiff's relief could have been. However, if plaintiff was unhappy with the way his case was handled, he could have appealed the dismissal of his "petition," making the same claims that he makes herein. He may not have been able to obtain money damages, but he could have the dismissal overturned if his claims had merit.

6

**V. Color of State Law**

　**A. Legal Standards**

In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does not reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

　**B. Application**

Plaintiff seeks to sue defendant Rose, the attorney who Judge Crandall appointed, because Attorney Rose did not speak with plaintiff prior to appearing in Family Court to represent him. However, it is well-established that court-appointed attorneys do not act under color of state law when performing their traditional function as counsel. *See Harmon v. New York County Dist. Attorney's Office*, No. 13 Civ. 1711, 2014 WL 1044310, at *9 (S.D.N.Y. March 17, 2014) (citing inter alia *Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. 2010); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). *See also Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (private attorneys, even if they are court-appointed, and/or associated with a Legal Aid organization, do not act under color of state law when representing their clients).

In this case, plaintiff essentially alleges that his attorney did not represent him

7

properly. He does not allege any conspiracy with a state actor that would transform the defendant into a state actor for purposes of section 1983. *See Brown*, 367 F. App'x at 216 (color of state law may be established if the individual conspired with a state actor, however, conclusory allegations of conspiracy are insufficient). If plaintiff in this case believed that his attorney committed malpractice or failed to represent him properly, he could have brought those allegations in state court.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) based on absolute immunity and failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 11, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge